UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christina Thornton,<br><br>　　　Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company<br><br>　　　Defendant. | Case No. 0:22-cv-395<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

　　1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

　　2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Lincoln National Life Insurance Company may be found in this district. In particular, The Lincoln National Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.  On information and belief, Defendant The Lincoln National Life Insurance Company insures the employee benefit plan ("Plan") that Walmart Inc. created and maintains to provide its employees with income protection should they become disabled.

4.  On information and belief, Defendant The Lincoln National Life Insurance Company is a corporation organized and existing under the laws of the State of Nebraska, and is the insurer and claims administrator for the Plan.

5.  Plaintiff is a resident and citizen of the United States, an employee of Walmart Inc. and a participant in the Plan.

6.  As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.  On information and belief, Plaintiff was covered at all relevant times under group disability policy number GD/GF3-850-290765-01 which was issued by The Lincoln National Life Insurance Company to Walmart Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, The Lincoln National Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Lincoln National Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. The Lincoln National Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about January 22, 2020 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to The Lincoln National Life Insurance Company for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. The Lincoln National Life Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed The Lincoln National Life Insurance Company's decision, but The Lincoln National Life Insurance Company denied Plaintiff's appeal on December 16, 2021.

15. Plaintiff provided The Lincoln National Life Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

16. The Lincoln National Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. The Lincoln National Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with The Lincoln National Life Insurance Company and as such unable to offer an unbiased opinion;

    c. The Lincoln National Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. The Lincoln National Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. The Lincoln National Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

17. The Lincoln National Life Insurance Company abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. The Lincoln National Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21.     The Lincoln National Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from July 22, 2020 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22.     The Lincoln National Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Lincoln National Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: February 10, 2022         RESPECTFULLY SUBMITTED,

By: /s/ Zachary Schmoll

Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305

Office: 612-370-1511
Zach@Fieldslaw.com

*Attorneys for Plaintiff*